SOGG, Recr., etc. v. COOK.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9281. Decided Oct. 22, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

RADIO.

(490 A) Services performed by radio announcer, do not constitute work and labor.

Error to Municipal Court.

Judgment modified.

Paul Sogg, Cleveland, for Sogg.
Brooks & Apple, Cleveland, for Cook.

STATEMENT OF FACTS.

In the Municipal Court of Cleveland, the defendant in error recovered a judgment against plaintiff in error. The statement of claim filed in the Municipal Court by defendant in error alleged in substance that there is due to him the sum of $525.00 for work and labor performed for The WDBK Broadcasting Station Co.; that said sum of money is due for work and labor performed from January 1, 1927, to March 15, 1927; that the WDBK Broadcasting Station Co., went into the hands of a receiver and suit was thereafter brought against the receiver in his official capacity. Judgment was rendered against the plaintiff in error for the full amount with interest.

The evidence discloses that the character of the work and labor claimed to have been performed by defendant in error for the broadcasting station company was to act as announcer.

PER CURIAM.

We are of the opinion that the phrase, "work and labor," does not include this sort of service performed by defendant in error.

Were the judgment allowed to remain as it is it could readily be seen that upon the record in the Municipal Court, which is a judgment rendered upon a claim for work and labor, the defendant in error would be given undue advantage over other creditors because upon the record his claim would be considered in law a preferred claim, as for work and labor. There is no doubt that the amount of the judgment is correct as for services rendered by defendant in error, but it must be understood that it is not a judgment for work and labor.

It is therefore ordered that the judgment of the Municipal Court be modified as to show the amount of the judgment as for services rendered, and that the same is not for work and labor. A journal entry will be drawn accordingly.

(Sullivan, PJ., Vickery and Levine, JJ., concur.)

BEAVER v. STATE.

Ohio Appeals, 4th Dist., Washington Co.

Decided Sept. 28, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

INTOXICATING LIQUOR.

(330 M) Impossible for court to lay down rule for determining when case of manufacturing intoxicating liquor has been made. Proof that defendant was armed with all tools necessary to manufacture whiskey, that he had in his possession large quantity of moonshine whiskey, recently bottled, that still was set up ready for use, and had been used, and that there was mash ready for use and mash that had been run recently; together with failure of defendant to take stand, held sufficient to support conviction.

Error to Common Pleas.

Judgment affirmed.

E. F. Folger and R. M. Noll, Marietta, for Beaver.
V. E. Metcalf, Pros. Atty., Marietta, for State.

STATEMENT OF FACTS.

The plaintiff in error was convicted of manufacturing intoxicating liquors and seeks to reverse the judgment. The only ground urged for that course is that the verdict and judgment are contrary to the weight of the testimony.

BY THE COURT.

Counsel have urged that the court lay down some rule for determining when a case of manufacturing liquor has been made. Obviously that is impossible. The circumstances tending to show the manufacture of liquor will vary in every case tried.

No question is made that in the instant case the defendant was armed with all the tools and supplies necessary to manufacture whiskey. It is only claimed that there is no proof that he had at the time of his arrest manufactured any of the product. The testimony did, however, show that he had in his possession a large quantity of moonshine whiskey, and the evidence tended to show that it had been recently bottled. The evidence further showed that a still was set up, ready for use at any time, and that the still had been used. The testimony further shows that there was not only mash ready for use but that there was mash in some of the bottles "that had just been run recently," and other testimony indicated that there were bags of used mash found on the premises. Certainly this testimony tended to show recent manufacture, and when the defendant failed to take the stand the jury were entitled to add to the weight of this testimony the inference of guilt resulting from his refusal to explain the circumstances thus indicating his guilt.

(Middleton, PJ., and Thomas, J., concur.)